IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DMITRY ZINGER, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| PRINCE LABORATORIES, LLC D/B/A J&J MEDICAL, | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : : : | |

Plaintiff Dmitry Zinger (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry without their written consent, including his own.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Dmitry Zinger is an individual located in Wisconsin.

7. Defendant Prince Laboratories, LLC d/b/a J&J Medical is a Florida company that is headquartered and has its principal place of business in this District, in Broward County.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has general personal jurisdiction over J&J Medical because J&J Medical is headquartered and has its principal place of business in this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were sent and orchestrated from this District.

## TCPA BACKGROUND

The Enactment of the TCPA and its Regulations

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16. Defendant J&J Medical is a "person" as the term is defined by 47 U.S.C. § 153(39). Plaintiff Zinger is also a "person" as the term is defined by 47 U.S.C. § 153(39).

17. At no point has the Plaintiff consented to receive telemarketing calls from the Defendants regarding the sale of goods or services, including genetic testing services, prior to receiving calls at issue.

Calls to Plaintiff

18. Mr. Zinger's residential telephone number is (414) XXX-XXXX.

19. That telephone number is a residential telephone line used by Mr. Zinger for personal calls and for personal, family, and household use.

20. The telephone number is a residential number because it is assigned to a telephone exchange service for consumers, not a telephone exchange service for businesses.

21. That telephone number is not associated with a business.

4

22. Despite that, Mr. Zinger received at least 4 automated telemarketing calls from the Defendant, from 262-240-8415 on May 29, 2024 at 9:51 AM CST and 4:15 PM CST, and from the same caller ID on May 30, 2024 at 9:18 AM CST and 3:01 PM CST.

23. The purpose of all of the calls was to solicit the Plaintiff for "genetic testing" services from "J&J Medical."

24. Thereafter, the Plaintiff called the 262-240-8415 number back to affirmatively identify the actors calling him illegally.

25. During the call, the Plaintiff was told that "J&J Medical" was simply a fictitious business name that the caller, Prince Laboratories, LLC, was operating under.

26. Defendant Prince Laboratories is a laboratory that performs and sells genetic testing services, exactly as described in the calls.

27. Indeed, Plaintiff's experience are corroborated by reports for the same number on the Robokiller website, which identified at least 98 total calls to its subscribers from thus number and contains the following consumer report also identifying that "J&J Medical" is actually Defendant Prince Laboratories, LLC:

> I have been bombarded by illegal robocalls from these people. I spoke with Steve from "J&J Medical". He revealed the identity of their company as Prince Laboratories, LLC at 450 Fairway Drive, Suite 104 Deerfield Beach, Florida 33441.
>
> Scam                                                                                      May 30, 2024

*(262) 240-8415*, ROBOKILLER, https://lookup.robokiller.com/p/262-240-8415 [https://archive.md/ilwU2].

28. This is not the only website identifying the Defendant.

29. Indeed, the website Call Filter also has multiple reports about the number being blocked because it is reported as being from a genetic testing scam. *Who Called You From +12622408415*, CALL FILTER, https://callfilter.app/12622408415 [https://archive.md/kqQWq].

30. Also as part of his investigation, the Plaintiff contacted his telephone carrier, Verizon, which was able to trace the source of these illegal calls to the ingress carriers delivering them to his cell phone. It is believed and therefore averred that a subpoena to these ingress carriers will further prove that the Defendant is directly responsible for the illegal calls.

31. Plaintiff never ever consented to or requested to receive calls from Defendant.

32. Plaintiff never ever did business with the Defendant.

33. Plaintiff's privacy has been violated by the above-described telemarketing calls.

34. The aforementioned calls to the Plaintiff were unwanted.

35. The calls were nonconsensual encounters.

36. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

38. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of J&J

Medical, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

39. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the class as he has no interests that conflict with any of the class members.

40. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

41. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power, storage space, and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

42. This Class Action Complaint seeks injunctive relief and money damages.

43. The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

44. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

45. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

46. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

47. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(b) whether Defendant's conduct constitutes a violation of the TCPA; and

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

48. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

49. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

50. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

51. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**on behalf of Plaintiff and the National Do Not Call Registry Class**

52. Plaintiff incorporates the allegations in the prior paragraphs as if fully set forth herein.

53. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency

purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

54. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class presumptively are entitled to an award of $500 in damages for each and every call sent to their number on the Registry and up to $1,500 in damages if the calls are found to be willful.

55. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

56. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling or texting telephone numbers advertising goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 24, 2024

PLAINTIFF, individually and on behalf of all others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881